UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-378-JBC

INDIANA/KENTUCKY REGIONAL
COUNCIL OF CARPENTERS, PLAINTIFF,

V. MEMORANDUM OPINION AND ORDER

LYNX INDUSTRIAL CONTRACTORS, LLC, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant's motion to dismiss (R. 11). The court will grant the motion because the plaintiff's suit was filed after the expiration of the time allotted in the applicable statute of limitations.

The plaintiff is a labor union ("Union"). The defendant is an employer ("Employer") of workers who are members of the Union. In 2006, the parties signed a collective bargaining agreement ("Agreement"), which provides that disputes among the parties will be settled in the following manner: 1) by informal dispute resolution; 2) if not resolved informally, by referral to a Joint Grievance Committee ("Committee"), which reserves the right to make the final decision in any dispute; and 3) if not satisfactorily settled by the Committee, by submission to impartial arbitration by the Union or negotiating committee of employers that are parties to the Agreement. *See* R. 1, Ex. B, C.

On November 24, 2008, the Union filed a grievance asserting that the Employer had breached an article of the Agreement involving performance of duties

by millwrights. The matter was not resolved informally, and was taken to the Committee. On December 16, 2008, the Committee addressed the Union's concerns by directing the Employer to pay lost wages, fringe benefits, and deductions that it would have provided to members, according to the Committee, had it operated in accordance with the Agreement. The Committee's decision allowed 2 weeks for the Employer to make payment, and if not made within that time, required the Employer to submit to a payroll audit of its books and records. The Employer did not make payment, and refused to allow such inspection. The matter was never submitted to arbitration. On August 4, 2009, the Union filed suit under the Federal Arbitration Act, but voluntarily dismissed the action on October 23, 2009. *See Ind./Ky. Reg'l Council of Carpenters v. Lynx Indus. Contractors*, 5:09-cv-00269-JBC (E.D. Ky. filed Aug. 4, 2009), R. 1, 10. On November 24, 2009, the Union filed suit against the Employer once again, this time under a provision of the Labor-Management Relations Act, 29 U.S.C. § 185, commonly known as § 301, seeking confirmation of the Committee's decision and an order for the Employer to comply with its particulars. The Employer moved to dismiss the complaint, arguing that 1) it was not timely filed; 2) the matter was never submitted to arbitration; and 3) the court may not grant the relief requested by the Union. *See* R. 1, 11.

"Congress did not prescribe a limitations period for actions under § 301." *Occidental Chem. Corp. v. Int'l Chemical Workers Union*, 853 F.2d 1310, 1312

(6th Cir. 1988). However, instead of assuming that Congress intended that there be no time limit on actions, a statute of limitations should be "borrowed" from the most suitable statute or other rule of timeliness from some other source. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). A court borrows the most appropriate statute of limitations, if available, from state statutes. *See Occidental,* 853 F.2d at 1312 (quoting *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-05 (1966)); *DelCostello*, 462 U.S. at 158-60. However, in the present case, no state statute is analogous for the purposes of borrowing. Kentucky law provides a limitation period for modifying, correcting, or vacating an arbitration award – 90 days – but states that the statute does not apply to "[a]rbitration agreements between employers and employees or between their respective representatives . . . ." *See* KY. REV. STAT. ANN. §§ 417.050, 417.150, 417.160, 417.170 (2010). As Kentucky's statute expressly exempts arbitration awards pursuant to agreements between parties like ones in the present case, the court looks to a limitations period from the most analogous federal law, especially in a case with "federal policies at stake." *Reed v. United Transp. Union,* 488 U.S. 319, 324 (1989) (quoting *DelCostello*, 462 U.S. at 172); *see, e.g., United Mine Workers, Dist. 4 v. Cyprus Emerald Res. Corp.*, 681 F. Supp. 271, 277-78 (W.D. Pa. 1988). Two options frequently examined in this context are 9 U.S.C. § 9, a provision of the Federal Arbitration Act, and 29 U.S.C. § 160(b), commonly known as § 10(b) of the Labor-Management Relations Act.

Application of the limitations period in the Federal Arbitration Act – 1 year – is inappropriate in this case because 1) "the Act contains language exempting contracts of employment of workers engaged in interstate commerce," *Cyprus*, 681 F. Supp. at 277 (citing 9 U.S.C. § 1); 2) the dispute in this case, regardless of whether the Committee's decision was final and binding, did not reach arbitration; and 3) the parties never "agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9; *see* R. 1, Ex. C; *United Food & Commercial Workers Local 951 v. Mulder*, 1992 U.S. Dist LEXIS 18619, at * 30, WL 475746, at *10 (W.D. Mich. Oct. 1, 1992) (citing *Oklahoma City Ass'n v. Wal-Mart Stores, Inc.*, 923 F.2d 791 (10th Cir. 1991)).

However, the 6-month limitations period in § 10(b) of the Labor-Management Relations Act, actions under which bear a "family resemblance" to actions under § 301, *see Cyprus*, 681 F. Supp. at 277 (citing *DelCostello*, 462 U.S. at 170), is properly borrowed and applied to this § 301 suit. "[T]he §10(b) statute of limitations is appropriate where a § 301 suit relates to 'entitlement [to] employment.'" *Cummings v. John Morrell & Co.*, 36 F.3d 499, 507 (6th Cir. 1994) (quoting *Woosley v. Avco Corp.*, 944 F.2d 313, 318 (6th Cir. 1991)). In this case, the Union claims that the Employer violated an article of the Agreement that specified that only millwrights may "operate and maintain machinery installed by Millwrights before being accepted by the company[,]" perform "all rigging pertaining to Millwright work[,]" and do "all the welding and burning on all the

4

Millwright work . . . ." R. 1. In other words, the Union alleges that the Employer wrongfully deprived millwrights of an entitlement to certain employment under the Agreement. The 6-month limitation on suits is in accordance with "[r]elatively rapid final resolution of labor disputes favored by federal law[,]" *DelCostello*, 462 U.S. at 168, and it is reasonable to expect the Union, a relatively "sophisticated claimant" – as opposed to an unsophisticated employee, for example – to evaluate within 6 months the actions of the Employer that it believes give rise to a cause of action. *Cummings*, 36 F.3d at 507 (citing *DelCostello*, 462 U.S. at 165-66).

Applying the 6-month statute of limitations, the Union's suit was not timely. Its complaint was filed almost 12 months after the decision of the Committee, and almost 11 months after the beginning of 2009, when the Employer refused to pay the amount assessed by the Committee or allow an audit of its records. Even under the more lenient standard for "hybrid" § 301 actions, by January 2009, the Union had "discover[ed], or should have discovered with the exercise of reasonable diligence, acts" giving rise to the cause of action.[1] *Chrysler Workers Ass'n v.*

---

[1]Accepted as true, the Union's complaint describes the Committee's decision as first requiring payment by the Employer, and if payment does not occur, then requiring a payroll audit. The decision itself appears to first require a payroll audit, then payment based on the audit, and if the audit is refused by the Employer, then payment of figures listed in the Committee's decision. *See* R. 1, Ex. A, ¶ 4. Regardless, the 6-month statute of limitations bars this suit, since the decision of the Committee was issued in December 2008, and the Employer failed to provide payroll records or "$45,330.50" by "Friday, January 30, 2009." Even if not preceded by other relevant communications to the Union, *see* R. 11, these were acts giving rise to the cause of action that the Union discovered, or should have discovered, on or soon after January 30, 2009. *Ibid.*

5

*Chrysler Corp.*, 834 F.2d 573, 578 (6th Cir. 1987). Whether the award of the Committee is "final and binding,"[2] *see Mastrobuono v. Local Union No. 673, Inter. Broth. of Elec. Workers*, 828 F. 2d 19, 10-12, 1987 WL 44583, at *3-4 (6th Cir. 1987) (citing *Gen. Drivers, Warehousemen & Helpers, Local Union No. 89, et al. v. Riss & Co., Inc.*, 372 U.S. 517 (1963)), or could be opened for the court to reweigh the merits of the grievance, *see Riss*, 372 U.S. at 519 (citing *United Steelwokers v. American Mfg. Co.*, 363 U.S. 564, 567-68 (1960)), inquiry does not proceed due to the bar imposed by the statute of limitations. Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (R. 11) is **GRANTED**. Judgment is entered contemporaneously with this order.

Signed on May 12, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[2]The Employer alleges bias on the part of the Committee. *See* R. 11.